**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCUS WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 13-cv-1109 |
| | ) | |
| v. | ) | United States Senior District Judge |
| | ) | Maurice B. Cohill, Jr. |
| CORRECTIONAL OFFICER | ) | |
| HARKELFORD, et al, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Motion for Judgment on the Pleadings (ECF No. 32) be denied.

### II.    REPORT

Plaintiff Marcus Walton is an inmate who is incarcerated at State Correctional Institution – Greene ("SCI-Greene") in Waynesburg, Pennsylvania and is bringing this action under 42 U.S.C. § 1983 as well as Pennsylvania law against the following Defendants:  Correctional Officer ("C.O.") Harkleroad, C.O. Rambler, C.O. Johnson, C.O. Baker, C.O. Smith, C.O. Gribble, C.O. Gould, C.O. Ramirez, Correctional Lieutenant ("C.L.") Eric Grego, C.L. Shrader, C.L. Tony, Hearing Examiner Frank Nunez, C.O. John Doe 1, Pennsylvania's Contract Monitor S. Karanski, RUM Barbier, and C.O. Craine.  The Complaint contains three counts in which he claims an Eighth Amendment violation for failure to protect (Count I), a violation of his procedural due process rights (Count II), and the tort of conversion/violation of his due process rights under the Fourteenth Amendment associated with two separate occurrences involving

1

deprivation of his personal property (Count III).

## A.    Procedural Background

Plaintiff initiated this action on July 11, 2013.[1]  (ECF Nos. 1, 8).  On December 3, 2013, Defendants filed an Answer with several documents attached thereto.  (ECF Nos. 31, 31-1).  Two days later, on December 5, 2013, Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking to have the entire Complaint dismissed.  (ECF Nos. 32, 33).  Specifically, Defendants asserted that the allegations in paragraphs 8 through 106, which encapsulate Counts I and II, should be dismissed because Plaintiff has failed to exhaust his administrative remedies.  Defendants further asserted that the allegations within Count III should be dismissed on separate grounds, arguing that paragraphs 107 through 123 are barred by the statute of limitations and paragraphs 124 through 140 are precluded because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff responded to Defendants' Motion and Brief in Support thereof on March 25, 2014, (ECF Nos. 45-47).

On August 14, 2014, this Court entered an Order regarding Defendants' pending Motion for Judgment on the Pleadings only with respect to the issue of Plaintiff's exhaustion of administrative remedies.  The Court denied that portion of the Motion without prejudice to be refiled as a Motion for Summary Judgment under Rule 56 because Defendants had "attached a number of exhibits to their Answer which were neither attached to the Complaint nor referenced

---

[1]    The Complaint was received by the Court on July 31, 2013 (ECF No. 1), but was apparently signed by Plaintiff on July 11, 2013.  Therefore, pursuant to the prisoner mailbox rule, for purposes of this Report, the Court will treat July 11, 2013 as the filing date.  *See Commonwealth v. Castro,* 766 A.2d 1283, 1287 (Pa Super. 2001)("'[t]he prisoner mailbox rule provides that the date of delivery of the [document] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [document].'"); *Thomas v. Elash,* 781 A.2d 170, 176 (Pa. Super. 2001) (extending the application of the prisoner mailbox rule to the all filings by incarcerated *pro se* litigants, including filings in civil cases.).

in the Complaint, *see* ECF No. 31-1, and relied on the same in support of their Motion for Judgment on the Pleadings. *See* ECF No. 33." Order from 8/14/2014 (ECF No. 52), at 1.

Thus, the only remaining issue in the pending Motion for Judgment on the Pleadings is whether Count III of the Complaint should be dismissed. Defendants have provided multiple arguments as to why all of the allegations contained in Count III should be dismissed, which will be addressed by the Court in turn. The remaining portion of the Motion has been fully briefed and is ripe for disposition.

### B. Factual Background[2]

While incarcerated, Plaintiff was transferred from SCI-Greene to Muskegon Correctional Facility ("MCF") located in Michigan in accordance with a contract between the two states, and was subsequently transferred back to SCI-Greene in May of 2011. Compl. (ECF No. 8), at ¶ 107. Plaintiff asserts that when he returned to SCI-Greene, he discovered that a "substantial amount" of his personal property items were missing. *Id.* at ¶¶ 107-112. Regarding this incident, Plaintiff has attached Grievance Number 366072 to his Complaint, which is dated May 20, 2011. Compl., Ex. B (ECF No. 8-1), at 34. On August 1, 2011, the Secretary's Office of Inmate Grievances and Appeals issued a Final Appeal Decision denying Plaintiff's request for relief. *Id.* at 27.

According to the Complaint, on June 1, 2011, Plaintiff was called to intake by Defendant C.L. Tony and was "given a small portion of his property that was missing," but was still missing a "great amount" of valuable and priceless items. *Id.* at ¶¶ 113-114. Plaintiff claims that Defendants from both MCF and SCI-Greene are liable for the loss, damage and/or misuse of his personal property that occurred during the transfer of his property from Michigan to

---

[2] The Court will only address the facts in the Complaint which are relevant to the remaining portion of Defendants' pending Motion for Judgment on the Pleadings.

Pennsylvania. *Id.* at ¶¶ 115-122. Specifically, Plaintiff asserts that the following Defendants are liable for this incident: C.L. Tony, C.O. Gould, C.O. Craine, C.O. John Doe I, Pennsylvania's Contract Monitor S. Karpinski, and RUM Barbier. *Id.* at ¶ 122. Plaintiff asserts that the Defendants' "conduct amounted to a tort of conversion" under Pennsylvania law as well as a violation of due process under the Fourteenth Amendment. *Id.* at ¶¶ 123, 140.

Plaintiff also seeks relief for an incident that occurred on January 6, 2013. According to the Complaint, when Plaintiff was staying in the Restrictive Housing Unit ("RHU"), he was escorted to the property room by Defendants C.O. Gould, C.O. Craine and C.O. Ramirez to conduct an inventory of his property. *Id.* at ¶ 124. Plaintiff "advised defendant Craine that he wished to mail one (1) record center box of personal property home." *Id.* at ¶ 125. Plaintiff also requested that these Defendants first pack his commissary items, which mainly consisted of food, but they declined to do so, stating that they normally pack commissary items last. *Id.* at ¶¶ 126-128. Upon completion of the inventory, these Defendants told Plaintiff that there was no room left to pack the commissary items and that Plaintiff had to destroy them. *Id.* at ¶¶ 129-131. Plaintiff was issued a confiscation slip number, which he refused to sign. *Id.* at ¶¶ 131-132. He also informed these Defendants that he wished to dispute the confiscation of his commissary items, but was told that said items were not subject to dispute and the items were confiscated. *Id.* at ¶¶ 132-133.

Plaintiff avers that these Defendants are "known to extort inmates out of their commissary" and keep the items "for themselves (such as Plaintiff's) to eat while on duty in the RHU, and/or send it to the security department so they can resell it or give it to their informants for information on other prisoners." *Id.* at ¶¶ 134-135. Consequently, Plaintiff claims that the conduct of Defendants Gould, Craine, and Ramirez "constitutes a tort of conversion and

violation of Plaintiff's Fourteenth Amendment Rights of the United States Constitution." *Id.* at ¶ 140.

### C. Standard of Review

1. <u>Pro Se Litigants</u>

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).   *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688).   Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).   *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).   Notwithstanding this liberality, pro se litigants are not relieved of

their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2.    Motion for Judgment on the Pleadings Pursuant to Rule 12(c)

"A motion for judgment on the pleadings is not granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.' *Jablonski v. Pan American World Airways,* 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civil Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980))." *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F. Supp.2d 391, 399 (W.D.Pa. 2000). A rule 12(c) motion is judged under the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991).  The only difference is that on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instructions attached to the pleadings.  2 James Wm. Moore, et al., Moore's Federal Practice - Civil ¶ 12.38 (2010).  As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 3 59 F.3d 251, 256 n. 5 (3d Cir. 2004); *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters

of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

### D. Discussion

#### 1. Incident from May of 2011

Defendants argue that Plaintiff's claim regarding the deprivation of his property during his transfer from MCF to SCI-Greene in May of 2011 is barred by the statute of limitations. Defendants assert that Plaintiff became aware of his missing property in May of 2011, and therefore, had until May of 2013 to bring this lawsuit. Def.s' Br. in Supp. (ECF No. 33), at 9-10. Defendants contend that because this claim was not initiated until July of 2013, it is barred by the applicable two-year statute of limitations. *Id.* However, Plaintiff counters that the statute of limitations was tolled while he completed the mandatory exhaustion process, and therefore, was timely filed. Pl.'s Br. in Opp'n (ECF No. 47), at 7-8.

The statute of limitations for both the tort of conversion and for a Fourteenth Amendment due process claim is two years. *See* 42 Pa.C.S.A. § 5524(2), (3), and (7); *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. 1987)("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations."); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The

length of the statute of limitations for a § 1983 claim arising in Pennsylvania is two years."). The general rule in Pennsylvania is that "[t]he statute begins to run 'as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 275 (Pa. Super. 2005) (quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). A § 1983 cause of action is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.")(emphasis in original). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Kach*, 589 F.3d at 634 (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Wallace*, 549 U.S. at 384 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete cause of action, that is, when the plaintiff can file suit and obtain relief.")(internal quotations and citations omitted).

In April of 2014, our Court of Appeals stated that "[t]hough this Court has not spoken on the issue, several courts of appeals have held that, because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions should be tolled while the prisoner exhausts." *Pressley v. Huber*, 562 F. App'x. 67, 70 (3d Cir. 2014) (citing *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir.2011); *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir.2005); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir.2002); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir.2001); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000)). The Court in *Pressley* went on to apply equitable tolling to the facts of the case, but concluded that the Complaint was untimely regardless of tolling. *Id.*

More recently, in May of 2014, the Court again contemplated whether exhaustion of administrative remedies tolls the statute of limitations. *See Cruz v. SCI-SMR Dietary Servs.*, — F. App'x. —, 2014 WL 1758901, at *2 n. 2 (3d Cir. 2014) ("Thus, even assuming that the administrative grievance and appeal periods operate to toll the statute of limitations, . . . [the plaintiff] was not entitled to tolling on that basis given that he did not grieve this claim administratively.").

The Court also notes that on August 14, 2014, our Court of Appeals issued a precedential decision in which it held that an inmate was not entitled to equitable tolling. *See Montanez v. Secretary Pennsylvania Department of Corrections*, — F.3d —, 2014 WL 3953644 (3d Cir. 2014). The Court in *Montanzez* rejected the plaintiff's argument that the statute of limitations should be tolled because, *inter alia*, he "engaged in the inmate grievance process to settle his claims." *Id.* at *5. In that case, however, the inmate waited more than two years before he filed any grievances on his claim. *Id.* Therefore, the Court found that because he waited more than two years before "tak[ing] any action to protect his rights," he "simply delayed too long to take advantage of equitable tolling doctrines." *Id.* In contrast, Plaintiff here became aware of his missing property on or around May 10, 2011 and filed a formal grievance by May 20, 2011. *See* Compl., Ex. B (ECF No. 8-1), at 34. Additionally, prior to filing the formal grievance, he submitted at least two "Inmate's Request to Staff Members" forms on May 12, 2011 and May 17, 2011. *See id.* at 36-37. Thus, the facts of *Montanez* are distinguishable from the present case. Notably, the Court in *Montanez* did not reject the notion that tolling should not apply when an inmate is vigilantly and actively exhausting his administrative remedies; rather, it held that the plaintiff's actions under the circumstances did not warrant equitable tolling.

In this case, unless tolling is employed, this claim is barred by the statute of limitations

because Plaintiff became aware of the property deprivation on or around May 10, 2011 but did not initiate this action, at the earliest, until July 11, 2013, more than two years later.[3]  However, if the statute of limitations was tolled while he exhausted his administrative remedies, the claim may not barred by the statute of limitations.

Assuming that tolling is applicable, the accrual date is May 10, 2011, the date he became aware that his property was missing, and the claim continued to accrue until May 20, 2011, the date he submitted Grievance Number 366072, at which time the statute of limitations would be tolled.  *See Gonzalez*, 651 F.3d at 324 ("[U]nder the rule we articulate today, the applicable . . . statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when [the plaintiff] began the administrative remedy process.").  Thus, the statute of limitations would be tolled for a total of 73 days from May 20, 2011 to August 1, 2011, the date the Final Appeal Decision regarding Grievance Number 366072 was rendered.  Therefore, based upon the allegations in the Complaint, if tolling principles applied to this claim, the last possible filing date would be July 22, 2013.  Because the Complaint was apparently signed by Plaintiff on July 11, 2013 but was received by the Court on July 31, 2013, and given that this matter is governed by the prisoner mailbox rule, the Court finds that it would be premature to dismiss this claim at this early stage of the litigation.  The parties should be given the opportunity to examine this issue further in discovery and reargue their respective positions in a motion for summary judgment.

2.    Incident from January of 2013

Defendants assert that they are entitled to sovereign immunity for the claim of

---

[3]    The Court notes that even if it were to assume that the statute of limitations began to run on June 1, 2011 – the date when small portion of Plaintiff's property was returned to him, but the majority was still missing, *see* Compl. (ECF No. 8), at ¶¶ 113-114 – this claim would still be barred by the statute of limitations absent tolling.

conversion regarding Plaintiff's claim that his commissary items were improperly confiscated by the Defendants on January 6, 2013. Def.s' Br. in Supp. (ECF No. 33), at 10-11. The Sovereign Immunity Statute in Pennsylvania provides that:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310. Employees of the Commonwealth, "acting within the scope of the duties, are protected by sovereign immunity from the imposition of liability of intentional torts." *Wison v. Marrow*, 917 A.2d 357, 365-66 (Pa. Cmwlth. 2007) (citing *Pickering v. Sacavage*, 642 A.2d 555 (Pa. Cmwlth. 1994)).

Defendants argue that "[t]here are no allegations here that any of the defendants were acting outside the scope of their employment. To the contrary, [P]laintiff alleges that each defendant was acting 'under the color of state law.'" Def.s' Br. in Supp. (ECF No. 33), at 11 (citing Compl. (ECF No. 8), at ¶ 7). However, Plaintiff responds that Defendants have mischaracterized the contents of paragraph 7 in the Complaint, which also provides that "each Defendant herein is being sued individually and in their personal capacity." Pl.'s Br. in Opp'n (ECF No. 47), at 9. Because, at this initial stage, the Court is to "construe all allegations in a complaint in favor of the complainant," *see Nami*, 82 F.3d at 65, and Plaintiff appears to dispute whether the Defendants were acting within the scope of their duties, a material issue of fact remains to be resolved, *see Jablonski*, 863 F.2d at 290, which should be addressed at a later date upon completion of discovery.

Defendants also contend that Plaintiff has failed to state a claim under the Fourteenth Amendment because "the law is well-settled that the confiscation of a prisoner's property does not violate his right to due process as long as a meaningful post-deprivation remedy is provided." Def.s' Br. in Supp. (ECF No. 33), at 11-12 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008)). Defendants assert that because Plaintiff took advantage of the prison grievance procedure here,[4] this claim is barred as a matter of law. *Id.* at 12. However, the Court notes that a plaintiff may dispute whether the post-deprivation process is meaningful, *see Monroe*, 536 F.3d at 210, and thus, it would be inappropriate to dismiss this claim before giving Plaintiff an opportunity to do so under the circumstances.

## III.  CONCLUSION

Based on the foregoing, it is respectfully recommended that Defendants' Motion for Judgment on the Pleadings (ECF No. 32) pursuant to Rule 12(c) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court regarding Magistrate Judges, Objections to this Report and Recommendation are due by **August 29, 2014**. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

August 15, 2014.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

---

[4]     Plaintiff attached Grievance Number 444505 and the related documents involving this incident to the Complaint. Compl., Ex. B. (ECF No. 8-1), at 49-64.

cc:     MARCUS WALTON
        BE-7837
        175 Progress Dr.
        Waynesburg, PA 15370

        Timothy Mazzocca
        Office of Attorney General
        Email: tmazzocca@attorneygeneral.gov