IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS WALTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 13-cv-1109 |
| ) | |
| v. ) | United States Senior District Judge |
| ) | Maurice B. Cohill, Jr. |
| CORRECTIONAL OFFICER ) | |
| HARKLEROAD, et al, ) | United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| Defendants. ) | |

**MEMORANDUM ORDER**

On July 31, 2013, the above captioned case was filed in this Court and was referred to a Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges. The Complaint contains three counts: (1) an Eighth Amendment violation for failure to protect; (2) an alleged violation of Walton's procedural due process rights; and (3) an alleged tort of conversion under Pennsylvania law/violation of Plaintiff's due process rights under the Fourteenth Amendment associated with two separate occurrences involving deprivation of Plaintiff's personal property. [ECF #8].

On September 4, 2014, Defendants filed a Partial Motion for Summary Judgment as to Exhaustion Only [ECF #55], together with supporting documents [ECF #'s 56-58]. Specifically, Defendants seek to have Counts I and II (paragraphs 8 – 106) of the Complaint dismissed due to failure to exhaust in accordance with the prison's administrative system. On November 5, 2014, Plaintiff responded by submitting several documents in opposition [ECF #'s 63-66]. On April 23, 2015, Magistrate Judge Eddy issued a Report and Recommendation ("R&R") in which she recommended that Defendants' Partial Motion for Summary Judgment as to Exhaustion Only be

1

denied. [ECF #73]. The R&R concluded that the factual record before the Court was "insufficient to determine that Plaintiff failed to exhaust his administrative remedies" and that Defendants failed to meet their burden in establishing this affirmative defense. Id. at 16. On May 7, 2015, Defendants filed timely Objections the R&R. [ECF # 74].

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, the District Judge conducts a *de novo* review of any portion of an R&R to which objection is made. The District Judge may accept, reject or modify, in whole or in part, the R&R prepared by the Magistrate Judge. Id.

In their Objections, Defendants assert, without any proof, that Plaintiff had the opportunity to exhaust his administrative remedies while in the RHU. [ECF #74 at 3-4]. However, Defendants have the burden of proving this affirmative defense. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (defendants must prove failure to exhaust under the PLRA as an affirmative defense); Porter v. King, 2006 WL 3490582 (W.D. Pa.), *1 n. 1 ("[E]xhaustion is an affirmative defense which means defendants have burden of proof to establish non-exhaustion."). The R&R appropriately concluded that Defendants have failed to satisfy this burden because they solely relied on a tainted declaration from the superintendent's assistant asserting that Plaintiff failed to exhaust his administrative remedies. [ECF #73 at 15]. Aside from relying on this faulty declaration, Defendants did not point to any other evidence establishing that the administrative remedies were available to Plaintiff during the time period that he was confined in the RHU.

Defendants also contend that "even if plaintiff's allegation that he did not know how to exhaust ... [was] true and even if he requested but did not receive an inmate handbook while in the RHU, the exhaustion process was still available to him as a matter of law, and he did not

2

avail himself to it." [ECF #74 at 3-4]. This argument is misplaced. Indeed, in Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit recently evaluated whether the prison's administrative remedies were available to the inmate. The Court's decision was based on an inquiry as to whether the inmate knew of or was able to access the grievance procedures. Small, 728 F.3d at 272. Accordingly, this contention by Defendants that the remedies were available to Plaintiff as a matter of law even if he did not have the knowledge or ability to exhaust is erroneous.

Moreover, the cases cited by Defendants for the proposition that the R&R is contrary to law on the issue of exhaustion are factually distinguishable. In Vega v. United States Dept. of Justice, 2005 WL 2931841, *8 (M.D. Pa. 2005), the prisoner did not exhaust his administrative remedies after he became aware of the PLRA's requirements and the court noted that there were no other impediments preventing the prisoner from exhausting his administrative remedies. Therefore, the court dismissed those claims for failure to exhaust the administrative remedies. Id. In Meanor v. Wilcox, 241 F. App'x 856, 858 (3d Cir. 2007), the magistrate judge found that the inmate was aware of the prison's administrative remedy system, despite the inmate's assertion that he never received the inmate handbook. Because the court of appeals concluded that the magistrate judge's finding was not clearly erroneous, the decision was affirmed. Id. In Robles v. Casey, 2012 WL 383823, *15 (M.D. Pa. 2012), the court found that the record belied the prisoner's contention that he was unable to exhaust his administrative remedies.

In contrast, in this case, the R&R properly found that Defendants did not carry their burden in establishing sufficient facts to support a conclusion that Plaintiff had knowledge of, or was able to access the grievance procedures. In support of their Partial Motion for Summary Judgment as to Exhaustion Only, Defendants did not address the fact that Plaintiff was confined

3

in the RHU when he received all of the administrative decisions which would have needed to be appealed to the next administrative level. In their Objections, Defendants assert that Plaintiff "had the opportunity to exhaust," [ECF #74 at 3], but do not provide any supporting facts. Therefore, the Defendants have not satisfied their burden in establishing this affirmative defense when considering all reasonable inferences in favor of Plaintiff, the nonmoving party.

After *de novo* review of the pleadings, the Partial Motion for Summary Judgment as to Exhaustion Only, and supporting documents in the case, together with the Report and Recommendation and the Objections thereto, the following order is entered:

AND NOW, this 14th day of May, 2015, it is HEREBY ORDERED ADJUDGED, AND DECREED that the Magistrate Judge's Report and Recommendation [ECF #73], dated April 23, 2015, is adopted as the Opinion of the Court.

It is further hereby ORDERED, ADJUDGED, AND DECREED that the Defendants' Partial Motion for Summary Judgment as to Exhaustion Only [ECF #55] pertaining to Counts I and II of the Complaint is DENIED.

*/s/ Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge