IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARCUS WALTON, | ) | |
|---|---|---|
| | ) | Civil Action No. 13-1109 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| CORRECTIONAL OFFICER | ) | Cynthia Reed Eddy |
| HARKLEROAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On June 26, 2015, a motion for sanctions was filed by *pro se* Plaintiff Marcus Walton. (ECF No. 81). Walton seeks sanctions against Tracy Shawley, asserting that she intentionally mislead the Court by submitting a sworn declaration containing false statements on December 3, 2013. Walton claims that Shawley violated Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1746. For the following reasons, said motion will be denied.

At the outset, it is important to emphasize that Shawley is not a party to this action. Rule 11 applies to papers signed by a party's attorney or an unrepresented party. *See* Fed. R. Civ. P. 11(b). Moreover, before a motion for sanctions under Rule 11 may be presented to the Court, the moving party must first serve the motion upon the opposing party to allow the opposing party 21 days to withdraw or correct the challenged paper. Fed. R. Civ. P. 11(c)(2). There is no certificate indicating that Walton served this motion upon the opposing party or Shawley prior to filing it. Therefore, for these reasons, Walton's motion for sanctions under Rule 11 is denied.

With respect to Walton's contention that Shawley's alleged conduct violated 28 U.S.C. § 1746, he seeks to have her be held in contempt of court and criminally charged with an act of perjury. To establish liability for civil contempt, the moving party must prove the following

elements by clear and convincing evidence: (1) that a valid order of the court existed; (2) that the individual had knowledge of the order; and (3) that the individual disobeyed the order. *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quoting *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir.1995)). Here, Walton has not satisfied any of these elements, and he has not pointed to any authority permitting the court to hold a non-party in contempt for violating 28 U.S.C. § 1746. *See id.* at 491 (when a district court issues a finding of contempt against a non-party, it is standard practice for the court to "acknowledge the unique status of the non-party, and specifically note the authorities that permit such exercise of judicial power.").

Walton has also failed to show that the Court may have Shawley criminally prosecuted through a motion for sanctions in a civil action. While it is true that an individual who violates 28 U.S.C. § 1746 can be criminally prosecuted for perjury, *see* 18 U.S.C. § 1621, a motion for sanctions in a civil action is an improper means to attain such relief. *See Ross v. Pa. Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa. 2012) ("The Court also notes that to the extent Plaintiff seeks to pursue criminal charges against Defendants, a civil rights [action] filed pursuant to 42 U.S.C. § 1983 is not the proper mechanism for doing so."). Accordingly, Walton's motion for sanctions under 28 U.S.C. § 1746 is denied.

**AND NOW**, this 29th day of June, 2015, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions against Tracy Shawley (ECF No. 81) is **DENIED**. It is **FURTHER ORDERED** that all deadlines set forth in the Court's Case Management Order from May 20, 2015 (ECF No. 77) remain in effect.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  **MARCUS WALTON**
BE-7837
SCI Greene
175 Progress Drive
Waynesburg, PA 15370


**TIMOTHY MAZZOCCA**
electronically served at <tmazzocca@attorneygeneral.gov>