IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS WALTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2: 13-cv-1109 |
| CORRECTIONAL OFFICER HARKLEROAD; CORRECTIONAL OFFICER RAMBLER; CORRECTIONAL OFFICER JOHNSON; CORRECTIONAL OFFICER BAKER; CORRECTIONAL OFFICER SMITH; CORRECTIONAL OFFICER GRIBBLE; CORRECTIONAL OFFICER CRAINE; CORRECTIONAL OFFICER GOULD; CORRECTIONAL OFFICER RAMIREZ; CORRECTIONAL LIEUTENANT ERIC GREGO; CORRECTIONAL LIEUTENANT SHRADER; CORRECTIONAL LIEUTENANT TONY; HEARING EXAMINER FRANK NUNEZ; CORRECTIONAL OFFICER JOHN DOE 1; PENNSYLVANIA'S CONTRACT MONITOR S. KARANSKI; RUM BARBIER; and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | United States Senior District Judge Maurice B. Cohill, Jr.  United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | | |

## <u>MEMORANDUM ORDER</u>

On July 31, 2013, the above captioned case was filed in this Court and was referred to a Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges. The Complaint contains three express counts: (1) an Eighth ("8th") Amendment claim for failure to protect; (2) a Fourteenth ("14th") Amendment procedural due process claim related to a misconduct hearing; and (3) a Pennsylvania state law conversion claim/14th Amendment due

1

process claim related to two separate occurrences involving deprivation of Plaintiff's personal property. [ECF 8]. Additionally, the Magistrate Judge concluded that when liberally construing the Complaint, Plaintiff appeared to be asserting a First ("1st") Amendment retaliation claim with regard to: (1) Plaintiff being issued a misconduct in October 2012 for possession of contraband, and (2) Plaintiff being held in administrative custody in the Restricted Housing Unit ("RHU") for approximately seven months from the end of January 2013 until August 2013. [ECF 8, 89, and 116].

On October 7, 2015, Defendants filed a Motion for Summary Judgment [ECF 88], together with supporting documents [ECF 89-91], seeking to have Plaintiff's entire action dismissed with prejudice and summary judgment entered in their favor. After being granted multiple extensions of time, Plaintiff responded on December 28, 2015 by submitting several documents in opposition. [ECF 105-108]. Defendants were granted an extension of time, until February 16, 2016, to file a Reply thereto [ECF 111]; however, Defendants never filed a Reply.

On March 3, 2016, Magistrate Judge Eddy issued a Report and Recommendation ("R&R") in which she recommended that Defendants' Motion for Summary Judgment be granted in part and denied in part. [ECF 116]. The R&R concluded that summary judgment should be entered in favor of all named Defendants on all of Plaintiff's claims, except for the 8th Amendment failure to protect claim filed against Officer Harkleroad. Id. at 13-28. The R&R found that with respect to the 8th Amendment failure to protect claim against Officer Harkleroad, Plaintiff produced sufficient evidence to create a genuine issue of material fact as to whether Officer Harkleroad had told other inmates that Plaintiff was a "snitch," resulting in Plaintiff being attacked. Id. at 23-25. The R&R also concluded that Defendant Correctional Officer John Doe 1 should be dismissed from this action pursuant to Rule 21 of the Federal Rules of Civil

Procedure. Id. at 27-28. Objections to the R&R were due on or before March 21, 2016. Plaintiff filed multiple motions for extension of time to file objections [ECF 118 and 121]. These motions were granted. Plaintiff filed Objections In-Part to the R&R ("Plaintiff's Objections") on May 20, 2016 [ECF 124], attached to which were two (2) newspaper articles. The Defendants filed a Response to Plaintiff's Objections [ECF 125], simply asking the Court to adopt the R&R, and Plaintiff filed a Sur-Reply In Part to the Defendants' Response ("Plaintiff's Surreply") [ECF 126], attached to which were a newspaper article and a 2006 Pennsylvania Department of Corrections Bulletin concerning "Personal Property, Basic/State Issued Items and Commissary/Outside Purchases." The three newspaper articles submitted by Plaintiff address charges that have been brought against three (3) guards at SCI-Greene, one of whom is Defendant Smith; they are accused of running a "rent-a-center" operation at SCI-Greene in which they traded confiscated electronics, such as televisions, radios and keyboards, to inmates in exchange for confidential information.

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, the District Judge must conduct a *de novo* review of any portion of an R&R to which objection is made. The District Judge may accept, reject or modify, in whole or in part, the R&R prepared by the magistrate judge. Id. For the reasons set forth herein, all of Plaintiff's objections to the R&R are overruled.

**I.      Plaintiff's Objections.**

In Plaintiff's Objections, Plaintiff first argues that the Magistrate Judge erred when she "neglecte[ed] to consider the facts leading up to Plaintiff being intentionally transferred out of state, which was against his wants, his will, and only took place[], because Plaintiff expressed his

constitutional rights [under the First Amendment] by filing a grievance for being call[ed] the 'N-word'." Plaintiff's Objection, pp. 3-5.

> This argument is meritless. Magistrate Eddy correctly concluded:
>
> The Court notes that in his submissions opposing summary judgment, Walton also suggests that he is bringing a First Amendment retaliation claim for an incident that occurred prior to when he was transferred to Michigan in December 2010. Specifically, Walton alleges that a staff member went on the intercom and used racial slurs, Walton filed a grievance complaining of this incident, and that he was transferred to Michigan in retaliation for filing the grievance. See (ECF No. 106 at 2). This incident, however, is not in any way referenced in the complaint, and therefore, is outside the scope of this lawsuit.

R&R, p. 20 n. 79. This alleged incident is not in any way referenced in the Complaint, and therefore, is outside the scope of this lawsuit.[1]

Plaintiff also argues in his Objections that the Magistrate Judge incorrectly analyzed his 14th Amendment due process-confiscation of property and conversion claims and that the newspaper articles he has submitted provide factual support for his 14th Amendment procedural due process – confiscation of property claim against Defendant Craine, Gould, Toney, and Ramirez and defeat these Defendants' argument that they are entitled to sovereign immunity with respect to Plaintiff's conversion claim against them. Plaintiff's Objections, pp. 5-9.

These arguments are meritless. The Magistrate Judge correctly analyzed Plaintiff's 14th Amendment due process-confiscation of property/ conversion claims and even viewing the newspaper articles (including the one attached to his Surreply) in a light most favorable to Plaintiff, they do not create a genuine issue of material fact either as to Plaintiff's 14th

---

[1] Similarly, to the extent that Plaintiff is attempting to use his Objections as an opportunity to expand his claims against Defendants to include a First Amendment retaliation claim and a negligence claim related to the confiscation of his personal property, even liberally construed, Plaintiff's Complaint does not assert such claims and therefore, they are outside the scope of this lawsuit.

4

Amendment due process-confiscation of property claim against Defendants Craine, Gould, Toney, and Ramirez or whether these same Defendants are entitled to sovereign immunity with respect to Plaintiff's conversion claim against them.

Plaintiff further contends that the Magistrate Judge incorrectly analyzed Plaintiff's 14th Amendment procedural due process-misconduct hearing claim concerning an alleged fight with fellow inmate Riley because his claim is based on: (1) Defendant Nunez misleading Plaintiff by telling him that Riley had declined to be a witness for him which was not true, not Nunez's refusal to let Riley testify as stated in the R&R and (2) Defendant Nunez threatening with Plaintiff with more solitary confinement when Defendant Nunez knew Plaintiff had a pending state court criminal case, which compelled Plaintiff to plead guilty. Plaintiff's Objections, pp. 9-10.

Even if the Magistrate Judge erred in her interpretation of Plaintiff's 14th Amendment procedural due process-misconduct hearing claim, it was a harmless error because the end result, the granting of summary judgment in favor of Defendants with respect to this claim, is the same. In the Report and Recommendation, the Magistrate Judge correctly explained:

> Defendants argue, however, that summary judgment should be entered in favor of Nunez on this claim because Walton has not identified a protected liberty interest of which he was deprived. The Court agrees. In *Sandin v. Conner*, the Supreme Court held that the prisoner plaintiff did not have a protected liberty interest in remaining free of disciplinary detention or segregation when he was denied the opportunity to present witnesses at his disciplinary hearing, found guilty, and placed in disciplinary custody for 30 days. According to Sandin, this punishment did not subject the prisoner plaintiff to an atypical and significant hardship in relation to the ordinary incidents of prison life, and thus, did not deprive the plaintiff of a State- created liberty interest.

R&R, p. 18. Applying this law to the facts of this case, even if Plaintiff's claim is based on Defendant Nunez allegedly lying to Plaintiff about Inmate Riley's willingness to testify about the alleged fight and threatening Plaintiff with more solitary confinement when Defendant Nunez

5

knew Plaintiff had a pending state court criminal case, as opposed to Defendant Nunez allegedly refusing to let Inmate Riley testify about the alleged fight and threatening Plaintiff with more solitary confinement when Defendant Nunez knew Plaintiff had a pending state court criminal case, Plaintiff has failed to identify a protected liberty interest related to the misconduct hearing because being placed in the RHU for 30 days did not deprive him of a protected liberty interest. Therefore, the Magistrate Judge was correct when she recommended that summary judgment be granted in favor of Defendants on Plaintiff's 14th Amendment procedural due process-misconduct hearing claim.

Plaintiff also argues that the Magistrate Judge failed to address the part of his procedural due process claim that the Defendants falsified security reports and forged Defendant Schrader's signature on the security report in order to keep Plaintiff in solitary confinement. Id. at pp. 10-11. This argument is meritless. With respect to the allegedly forged document, the Magistrate Judge correctly concluded, albeit in discussing Plaintiff's First Amendment retaliation claim, that "[t]to the extent that Walton suggests someone forged the PRC decision, that is pure speculation unsupported by any evidence." R&R, p. 22. For the same reason, to the extent Plaintiff is attempting to state a procedural due process claim based upon the contention that the Defendants falsified this security report and forged Defendant Schrader's signature on the security report in order to keep Plaintiff in solitary confinement, that is pure speculation unsupported by any evidence and does not create a genuine issue of material fact that would preclude granting summary judgment on Plaintiff's 14th Amendment procedural due process-misconduct hearing claim.

Plaintiff also argues that the Magistrate Judge erred when she concluded that he did not suffer on-going acts of retaliation upon his return to SCI Greene from Michigan by Defendants

6

and that the newspaper articles submitted in support of his Objections supports this claim. Objections, pp. 11-12. This argument is meritless. First, the Magistrate Judge correctly analyzed Plaintiff's 1st Amendment retaliation claims based on Plaintiff being issued the October 2012 misconduct for possessing contraband (pornography) and being kept in administrative custody in the RHU after his 30-day punishment for fighting had expired. Further, the information contained in the newspaper articles does not create a genuine issue of material fact with respect to these claims, even as to Defendant Smith who is named in the newspaper articles, such that summary judgment should not be granted in Defendants favor on the 1st Amendment retaliation claims.

Finally, Plaintiff argues in his Objections that the Magistrate Judge erred when she granted Defendants Shrader and Grego's motion for summary judgment with respect to Plaintiff's 8th Amendment-failure to protect claim and that the newspaper articles attached to his Objections support this claim against these Defendants. Plaintiff's Objections, p. 13. More specifically, Plaintiff argues:

> Plaintiff objects to the Magistrate's findings that the Plaintiff[] did not prove that Defendants' Shrader and Grego, acted in acquiesce, by ignoring Defendant's Harkleroad behavior. The Plaintiff states Defendant Shrader, and Defendant Grego, acted as Defendant Harkleroad, superior officers, and allowed Defendant Harkleroad to conduct an investigation. It was Defendant Harkleroad that reported the Plaintiff had a "Timex" watch, and not a "Polo" Watch,, but failed to conclude if had the alleged Timex watch?". . . This was a conflict of interest, and both Defendants allowed Defendant Harkleroad to change his version of events on numerous occasions. This is/was an deliberated indifferent, and outside their duties as an state official.
>
> Plaintiff, preserve his constitutional rights by objecting to this erroneous misrepresentation by first correcting the error that the Defendants [Shrader and Grego]were not deliberately indifferent to the foreseeable. This only speaks to a "routine" that has been followed at the institution; see the "newly discovered evidence" [the newspaper articles] naming Defendant Shrader, as a[] supervisor who encourages these practices.

7

Id.

The Magistrate Judge first recommended granting Defendants' motion for summary judgment with respect to Plaintiff's 8th Amendment claim against Defendants Shrader and Grego because "Walton has failed to produce any evidence that either Lieutenant Shrader or Lieutenant Grego knew or were aware that Harkleroad was spreading these rumors [that Plaintiff was a snitch]." R&R, p. 26. See also Id. ("There is absolutely no evidence that Lieutenants Shrader or Grego were aware that Harkleroad was engaging in such conduct or that they knew that Walton was facing any kind of danger from other inmates. Nor is there any evidence in the record establishing that Lieutenant Shrader or Grego were aware that Officer Harkleroad had previously labeled other inmates snitches, as Walton contends."). Magistrate Judge Eddy further:

> note[d] that Walton's complaint asserts that Lieutenants Shrader and Grego failed to train and supervise Harkleroad and others in the security department. These Defendants are entitled to summary judgment on this claim because Walton does not identify a particular policy wherein Lieutenant Shrader or Grego's failure to train or supervise "amount[ed] to 'deliberate indifference' to the rights of persons with whom [their employees came] into contact.'" Nor does Walton produce any evidence showing that their purported failure to train or supervise actually caused Walton's constitutional violation.

R&R, p. 27 (footnotes omitted).

Once again, we find Plaintiff's arguments to be meritless. First, the Magistrate Judge correctly analyzed Plaintiff's 8th Amendment-failure to protect claim against Defendants Shrader and Grego. Further, contrary to Plaintiff's argument, even viewing the news articles in a light most favorable to Plaintiff, they do not name either Defendant Shrader or Grego as a supervisor who encouraged unlawful conduct and do not create a genuine issue of material fact with respect to Plaintiff's 8th Amendment claim against Defendants Shrader and Grego such that summary judgment should not be granted in favor of these defendants on the claim.

8

## II. Plaintiff's Surreply.

As stated, although Defendants did not file a substantive Response to Plaintiff's Objections, Plaintiff filed a Surreply to Defendant's Response, to which he attached as exhibits a newspaper article dated April 15, 2016 titled "Guards Ordered to Stand Trial" and a 2006 Pennsylvania Department of Corrections Bulletin concerning "Personal Property, Basic/State Issued Items and Commissary/Outside Purchases" [ECF 126].

In the Surreply, Plaintiff first contends that this additional newly discovered evidence "provides additional evidence that supports his claims against Defendant Smith, and his Cohorts." Plaintiff's Surreply, p. 1.

In his Surreply, Plaintiff first argues that through the newspaper article:

Smith has admitted to acting outside the color of law, and therefore, there can be no sovereign immunity for him, or his fellow colleagues, who acted in concert with one another, and/or who knew of Smith, and Harkleroad's actions, but failed to do anything to prevent their actions, or to prevent the other Defendants' from acting in akin. This includes their Supervisors, Lt. Shrader, and Lt. Grego, who were also aware of the criminal corruption, and abuse that was/is occurring on the a daily basis at SCI-Greene but did nothing to prevent it from occurring.

Id. at p. 1.

Contrary, to Plaintiff's argument, even viewing this article in a light most favorable to Plaintiff, we find that the article does not create a genuine issue of material fact as to any of Plaintiff's claims against these Defendants, including Plaintiff's claims against Defendant Smith, such that summary judgement should not be granted in favor of Defendants on all of Plaintiff's claims against them but for his 8th Amendment claim against Defendant Harkleroad.

Finally, Plaintiff argues that the 2006 Pennsylvania Department of Corrections Bulletin concerning "Personal Property, Basic/State Issued Items and Commissary/Outside Purchases" submitted with his Surreply:

> is being added to support his argument on the replacement of his '19' Viewsonic color t.v., in that, he was not present during the packing process for none of the excusable exceptions:
>
> "When property is broken or damaged in transit, and the item is no longer under warranty, the receiving facility shall pay reasonable repair costs, unless the repair cost is greater than the replacement cost of the item. if the item is to be replaced, the receiving facility shall pay the full replacement cost for the item."
>
> Plaintiff was compelled to purchase a new '19' RCA color t.v., due to the defendant failure to protect the plaintiff's property that was in their care, custody, and control. The Michigan vs. Pennsylvania's Officials about the damages is a disputed matter for a jury determination upon the offering of testimonies. The Pennsylvania's Defendants confiscated and sold plaintiff's personal property.

Id. at p. 3.

We read Plaintiff's argument with respect to the 2006 Pennsylvania Department of Corrections Bulletin to be that it creates a genuine issue of material fact as to the identity of Defendant Correctional Officer John Doe 1. In the R&R, the Magistrate Judge recommended dismissing Defendant Correctional Officer John Doe 1 pursuant to Fed.R.Civ.P. 21 "[b]ecause Walton has been unable to discover the true identity of Defendant Correctional Officer John Doe 1 despite being given the opportunity to do so in discovery. " R&R, p. 28.

As correctly stated by the Magistrate Judge, it is Plaintiff's burden at the summary judgment stage to present evidence that viewed in a light most favorable to him, establishes the identity of Defendant Correctional Officer John Doe 1. Contrary to Plaintiff's contention, the 2006 Bulletin does not create a genuine issue of material fact as to the identity of Defendant

10

Correctional Officer John Doe 1 and therefore, Defendant Correctional Officer John Doe 1 is properly dismissed from this action pursuant to Fed.R.Civ.P. 21.

### III. Conclusion.

Accordingly, after reviewing *de novo* the applicable pleadings, the motion for summary judgment and all documents in support and in opposition, the March 3, 2016 Report and Recommendation, Plaintiff's Objections and all documents in support, Defendants' Response, and Plaintiff's Surreply and all documents, the Court accepts the R&R prepared by the Magistrate Judge and adopts it as the Opinion of this Court as supplemented by this Memorandum Order.

An appropriate Order follows:

### ORDER

AND NOW, this **21st** day of July, 2016, having reviewed *de novo* the applicable pleadings, the motion for summary judgment and all documents in support and in opposition, the March 3, 2016 Report and Recommendation from Magistrate Judge Eddy, Plaintiff's Objections and all documents in support, Defendants' Response, and Plaintiff's Surreply and all documents in support, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Magistrate Judge's Report and Recommendation [ECF # 116], dated March 3, 2016, is ADOPTED as the Opinion of the Court as supplemented by this Memorandum Order.

It is further ORDERED, ADJUDGED AND DECREED that the Defendants' Motion for Summary Judgment [ECF 88] is GRANTED IN PART AND DENIED IN PART. In particular, Defendants' Motion for Summary Judgment is DENIED as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Harkleroad, and is GRANTED as to all of Plaintiff's other claims against all of the named Defendants.

It is further ORDERED, ADJUDGED AND DECREED that the following claims are DISMISSED WITH PREJUDICE: Plaintiff's purported First Amendment retaliation claims; Plaintiff's Eighth Amendment claims against Defendants Lieutenant Shrader and Lieutenant Grego; Plaintiff's Fourteenth Amendment Due Process claims; and Plaintiff's common law conversion claim brought under Pennsylvania law.

It is further ORDERED, ADJUDGED AND DECREED that Defendant Correction Officer John Doe 1 is dismissed from this action pursuant to Federal Rule of Civil Procedure 21.

Maurice B. Cohill, Jr.
Senior U.S. District Court Judge

cc: **MARCUS WALTON**
BE-7837
SCI Greene
175 Progress Drive
Waynesburg, PA 15370