# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARCUS WALTON,

      **Plaintiff,**

      v.

**CORRECTIONAL OFFICER
HARKLEROAD, et al.,**

      **Defendants.**

13cv1109
ELECTRONICALLY FILED

## MEMORANDUM OPINION RE: FINAL JURY INSTRICTIONS

Defendant Harkleroad has filed Objections to the Court's Draft Final Jury Instructions [ECF173]. Specifically, Defendant objects to the Court's proposed jury instruction regarding compensatory damages on the basis that because Plaintiff is an inmate plaintiff, "an actual physical injury is a prerequisite for the award of damages for emotional and mental harm, but the proposed instruction does not reflect this, giving the jury the impression that they may award damages for emotional and mental harm apart from whether or not plaintiff proved any actual physical injury." Defendant's Objections to the Court's Draft Final Jury Instructions, ¶ 3 (citing Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003) (§1997e(e) of the PLRA "predicates a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury."); Allah v. Al-Hafeez, 226 F.3d 247, 250-251 (3d. Cir. 2000); Brooks v. Smith, 2007 WL 3275266, *2 (M.D. Pa.). Defendant proffers that "[t]he jury instructions can be corrected by adding the following sentence to the end of the emotional and mental harm paragraph: 'However, no compensatory damages may be awarded for emotional or mental harm unless Plaintiff proves that he suffered physical harm'." Id. at ¶ 4.

Defendant is correct that as an inmate plaintiff, Plaintiff cannot recover compensatory damages for emotional or mental harm unless he first proves that he suffered a physical injury, and the Court's proposed jury instruction does not reflect this limitation. ECF 172. The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). See Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003) ("Section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages."); Allah v. Al-Hafeez, 226 F.3d 247, 250–51 (3d Cir. 2000) (affirming dismissal of prisoner plaintiff's claims for compensatory damages for alleged infringements of First Amendment right to free exercise of religion in violation of 42 U.S.C. § 1983 on the basis that said claims were barred by 42 U.S.C. § 1997e(e); "[u]nder §1997e(e) . . . in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury. . ."); Tate v. Dragovich, 2003 WL 21978141, at *9 (E.D.Pa. 2003) (explaining "Plaintiff was barred from recovering compensatory damages for his alleged emotional and psychological injuries by §803(d)(e) of the PLRA, which requires that proof of physical injury precede any consideration of mental or emotional harm, 42 U.S.C. § 1997e(e) (2003), and the jury was instructed as such.").

Accordingly, the Court's jury instruction regarding compensatory damages shall be amended to read:

**Compensatory Damages**

If you find Defendant liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of Defendant's conduct.

Plaintiff must show that the injury would not have occurred without Defendant's acts or omissions. Plaintiff must also show that Defendant's acts or omissions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's acts or omissions. There can be more than one cause of an injury. To find that Defendant's acts or omissions caused Plaintiff's injury, you need not find that Defendant's acts or omissions were the nearest cause, either in time or space. However, if Plaintiff's injury was caused by a later, independent event that intervened between Defendant's acts or omissions and Plaintiff's injury, then Defendant is not liable unless the injury was reasonably foreseeable by Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages:

• Physical harm to Plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

•Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

Plaintiff cannot, however, recover compensatory damages for emotional and/or mental harm unless Plaintiff proves that he suffered a physical injury.

It is so ORDERED, this 5TH day of October, 2016.

                                                      <u>S/Arthur J. Schwab</u>
                                                      Arthur J. Schwab
                                                      United States District Judge