# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARCUS WALTON,

    Plaintiff,                            13cv1109
                                              ELECTRONICALLY FILED

    v.

CORRECTIONAL OFFICER
HARKLEROAD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S MOTION IN LIMINE REGARDING HEARSAY [ECF 148]

On September 9, 2016, Defendant Harkleroad filed a Motion in Limine Regarding Hearsay [ECF 148] in which he seeks an Order of Court precluding Plaintiff from introducing at trial: (1) various declarations/affidavits by inmate witnesses (as direct evidence); and (2) testimony from any witness that the witness heard a rumor, or overheard a third party state, that Defendant Harkleroad called Plaintiff a "snitch." Motion in Limine Regarding Hearsay, ¶ 1. The Court will treat Plaintiff's [ECF 163] (coupled with ECF 153, ECF 160, and ECF 179) as a response thereto.

On September 20, 2016, Plaintiff filed a "Pretrial Request to Present Material Witnesses" [ECF 153] ("Witness List"). In his Witness List, in addition to listing the individuals he intends to call as witnesses at trial, Plaintiff indicated his intent to introduce into evidence the affidavit of William Shaw, a former inmate. Plaintiff's Witness List, pp. 2-3. Thereafter, on September 26, 2016, Plaintiff filed a "Trial Exhibits List" [ECF 160] in which he listed the declarations of William Shaw, Gary Walker, Eric Tulia, and Damon Crawford and the affidavits of Ramon

Sanchez, Darryl Pitts, Tyrone Moss, Dawayne Hunt, Reginald Bryant, Earl Brownlee, and Marc McDonald as exhibits to be submitted for trial.

Plaintiff has filed a "Motion Objecting to Defendant's Motion in Limine Regarding Hearsay" [ECF 163]. In this Objection, Plaintiff first argues that Defendant's motion in limine is premature in that it anticipates what Plaintiff will attempt to file or attempt to introduce at trial. Plaintiff's Motion Objecting to Defendant's Motion in Limine Regarding Hearsay, p. 1. Second, Plaintiff argues that the affidavits and declarations he seeks to introduce at trial "qualify each party as a potential witness" and that the statements are based on firsthand knowledge and are relevant to the case. Id. at pp. 1-2.

Plaintiff also has filed an Objection to Defendant's Motion in Limine with Regards to Plaintiff's Witness List [ECF 179]. The Court is treating this Objection not only as an objection to Defendant's Motion in Limine Regarding Plaintiff's Witness List,[1] but also as an objection to Defendant's Motion in Limine Regarding Hearsay, in light of Plaintiff's statement in this Objection that he intends to use William Shaw's affidavit at trial. Specifically, Plaintiff argues that Mr. Shaw's affidavit is admissible because it:

> is evidence defined as "the preponderance of evidence", and tends to prove the plaintiff's claim. Moreover, the Defendants' did not object, and/or find the evidence prejudice[d] the defense unto after the summary judgment proceedings. Furthermore, Defendants has failed to timely preserve the objection during a critical stage of the proceedings (summary judgment).

Plaintiff's Objection to Defendant's Motion in Limine with regards to Plaintiff's Witness List, ¶¶ 3-5.

"Hearsay" is defined in the Federal Rules of Evidence as "a statement that: . . . the declarant does not make while testifying at the current trial or hearing; [which] a party offers in

---
[1] The Court will rule on Defendant's Motion in Limine Regarding Plaintiff's Witness List [ECF 156] after hearing argument from the parties at the Final Pre-Trial Conference scheduled for October 14, 2016. See September 22, 2016 Text Order [ECF 159].

evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c). The "statement" can be "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). "Hearsay is not admissible [at trial] unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed.R.Evid. Rule 802.

Any statements contained in the declarations and affidavits listed by Plaintiff in his Witness List and his Trial Exhibits List are hearsay, and therefore, the declarations and affidavits are inadmissible at trial unless the statements contained therein fall under an exception to the hearsay rule. Plaintiff does not raise any arguments in his Objections that would cause these otherwise inadmissible hearsay statements to be admissible evidence under an exception to the hearsay rule, and the Court finds no applicable exception. Therefore, Plaintiff is precluded from introducing into evidence at trial the declarations/affidavits of William Shaw, Gary Walker, Eric Tulia, and Damon Crawford and the affidavits of William Shaw, Ramon Sanchez, Darryl Pitts, Tyrone Moss, Dawayne Hunt, Reginald Bryant, Earl Brownlee, and Marc McDonald.

Further, the introduction of any testimony at trial that any witnesses heard a rumor, or had overheard a third party state, that Defendant Harkleroad called Plaintiff a "snitch" also would constitute inadmissible hearsay evidence, absent an exception to the hearsay rule being applicable. See Williams v. SCI-Huntingdon, 2004 WL 2203734, *16 (E.D. Pa. Sept. 30, 2004) (explaining "unsubstantiated rumor testimony, such as the 'word on the street,' is generally considered inadmissible hearsay evidence"). Again, none of the arguments set forth by Plaintiff in his Objections result in such otherwise inadmissible hearsay testimony becoming admissible under an exception to the hearsay rule, and the Court finds no applicable exception. Therefore, Plaintiff also is precluded from introducing into evidence at the trial any testimony that the

witness heard a rumor, or overheard a third party state, that Defendant Harkleroad called Plaintiff a "snitch." See also Fed.R.Evid. 602 (requiring a witness have "personal knowledge" of a matter about which they are testifying).

An appropriate Order follows:

AND NOW, this 7th day of October, 2016, it is HEREBY ORDERED that Defendant's Motion in Limine Regarding Hearsay [ECF 148] is GRANTED as follows:

(1) Plaintiff is precluded from introducing into evidence at trial the declarations of William Shaw, Gary Walker, Eric Tulia, and Damon Crawford and the affidavits of William Shaw, Ramon Sanchez, Darryl Pitts, Tyrone Moss, Dawayne Hunt, Reginald Bryant, Earl Brownlee, and Marc McDonald;

(2) Plaintiff is precluded from having any witness testify that s/he heard a rumor, or overheard a third party state, that Defendant Harkleroad called Plaintiff a "snitch."

s/Arthur J. Schwab
United States District Judge

ecf: Counsel of record

cc: Marcus Walton
BE-7837
SCI Greene
175 Progress Dr.
Waynesburg, PA 15370